# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LISA F. HARVILL-ZANGARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1884 HEA |
| | ) | |
| FRANK BISIGNANO,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"). [ECF No. 33]. For the reasons that follow, Plaintiff's application is denied.

## Facts and Background

In September 2018, Plaintiff Lisa Harvill-Zangaro protectively applied for Disabled Widow's Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act, alleging that she had been unable to work due to disability since July 1, 2014. (Tr. 419-24, 442-50). After the Commissioner initially denied Plaintiff's applications, Plaintiff requested

---

[1] Frank Bisignano is now the Commissioner for the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Bisignano is substituted as Defendant in this suit. *See* 42 U.S.C. § 405(g).

a hearing before an Administrative Law Judge ("ALJ"). On April 8, 2020, following a hearing, an ALJ issued a decision finding that Plaintiff was not disabled as defined in the Act. (Tr. 67-78). Plaintiff then requested review of the ALJ's decision by the Appeals Council, which denied review on November 6, 2020. (Tr. 53-55). Plaintiff appealed to this Court and, in February 2022, on Defendant's motion, the Court remanded this case to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). [ECF No. 18].

On remand, the ALJ conducted further administrative proceedings and issued a decision that was partially favorable to Plaintiff on February 2, 2024. (Tr. 10-24). The ALJ found that prior to the disability onset date, Plaintiff was an individual closely approaching advanced age and that on November 27, 2020, Plaintiff's age category changed to an individual of advanced age. (Tr. 22). The ALJ determined that Plaintiff "was not disabled prior to November 27, 2020, but became disabled on that date and has continued to be disabled through the date of this decision." (Tr. 24).

In this Court, Plaintiff filed an Application for Attorney Fees Pursuant to the EAJA. [ECF No. 22]. Defendant filed a Motion to Reopen, [ECF No. 25], and a Response in Opposition to Plaintiff's Application for Attorney Fees, arguing that Plaintiff's request for attorney fees is untimely and that she is not a "prevailing party" under the EAJA because she was only awarded benefits on remand because

the intervening event of her birthday changed her age category. [ECF No. 26]. In October 2024, the Court granted Defendant's Motion to Reopen and denied Plaintiff's Application for Attorney Fees without prejudice as premature. [ECF No. 29]. The parties subsequently filed a Stipulation for Dismissal stating that Plaintiff does not seek review of the unfavorable portion of the ALJ's February 2, 2024 decision. [ECF No. 37].

Plaintiff has filed a second Application for Attorney Fees, [ECF No. 33], and Defendant again opposes the application, [ECF No. 39]. Relying on *Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir. 1986), Defendant reiterates his contention that Plaintiff is not a prevailing party because she was only awarded benefits on remand due to the intervening event of her birthday, which occurred nearly seven months after the period she originally appealed to this Court. *Id.* In her reply, Plaintiff argues that *Swedberg* is factually distinguishable from this case and that she is a prevailing party because the benefits awarded on remand were the direct result of the litigation. [ECF No. 40 at 2-3]. Plaintiff also asserts that Defendant's contention that she is not a prevailing party is procedurally unfair because Defendant did not raise the issue until after the parties filed their Stipulation for Dismissal. *Id.*

3

## Discussion

"A prevailing party may recover attorney fees and costs under the EAJA where the position of the government was not substantially justified." *Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir. 1986) (citing 28 U.S.C. § 2412(d)(1)(A)). "For purposes of the EAJA, a prevailing party is one who ultimately succeeds on the merits of the administrative decision appealed to the district court." *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987) (citing *Swedberg*, 804 F.2d at 434). "It is not enough to have won a remand to the administrative level for further proceedings." *Id.* (citing *Cook v. Heckler*, 751 F.2d 240, 241 (8th Cir. 1984)). "Rather, the party must at least receive some of the benefits claimed in that initial appeal. If, on the other hand, the party is ultimately awarded benefits only because of an intervening event, then the party is not a prevailing party." *Id.* (citing *Swedberg*, 804 F.2d at 434).

In *Swedberg*, the plaintiff appealed an ALJ's unfavorable decision to the district court, and the district court remanded the case for reconsideration of the plaintiff's subjective symptoms of pain. 804 F.2d at 433. On remand, a second ALJ found that Swedberg's subjective symptoms of pain were credible but reaffirmed the prior decision that Swedberg could perform light work prior to his sixtieth birthday on October 17, 1982. *Id.* at 434. The second ALJ concluded that Swedberg became disabled as of October 17, 1982 due to the change in his age

4

category. *Id.* The district court subsequently granted Swedberg's application for attorney fees under the EAJA, and the Eighth Circuit reversed based on its determination that Swedberg was not a prevailing party. *Id.* The Eighth Circuit explained that "the proper focus in determining whether [plaintiff] is an EAJA prevailing party is his ultimate success on the merits of the decision initially appealed to the district court." *Id.* Noting that Swedberg had never received benefits for the period he originally appealed to the district court, the Eighth Circuit concluded that Swedberg was not a prevailing party because he "was only awarded benefits upon remand because of the intervening act of his sixtieth birthday." *Id.* (citing 20 C.F.R. § 404.1536(d)).

The Court finds that Plaintiff is not a prevailing party under the EAJA. *Swedberg* is directly on point, and Plaintiff's attempt to distinguish it is not convincing. Like the plaintiff in *Swedberg*, Plaintiff has never received benefits for the period originally appealed to this Court, and she was only awarded benefits on remand because of the intervening act of her birthday. *See id.* Thus, Plaintiff is not a prevailing party, and she may not recover attorney fees under the EAJA. *See id.* Plaintiff's contention that it is procedurally unfair for Defendant to argue that she is not a prevailing party for the first time after the parties filed the Stipulation for Dismissal is undermined by the record. Indeed, Defendant used identical language to make the same argument in his first Response in Opposition to Plaintiff's

5

Application for Attorney Fees. *See* [ECF No. 26 at 3-4]. Because Plaintiff is not a prevailing party, the Court need not address the question of whether Defendant's position was substantially justified.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act, [ECF No. 33], is **DENIED**.

Dated this 2nd day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE